09CV2146
JUDGE SHADUR
MAG. JUDGE BROWN
J. N.

# EXHIBIT

## A
**(part 2)**

21.     That on or after June 11 and June 12, 2006, Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

22.     That Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

23.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XX
### LOSS OF CONSORTIUM— MEDICAL EMERGENCY CARE ASSOCIATES

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES, allege the following:

1-20. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 20 of Count XVII of this Complaint at Law as paragraphs 1 through 20 of this Count XX.

21.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

22.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, MEDICAL EMERGENCY CARE ASSOCIATES in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

## COUNT XXI
### WRONGFUL DEATH/NEGLIGENCE – L. MITCHELL, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, L. MITCHELL, M.D., alleges the following:

46

1. That on or about June 11 and June 12, 2006, the Decedent, LINNIE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2. That on or about June 11 and June 12, 2006 the Decedent, LINNIE STAMPLEY, possessed no medical or professional medical knowledge, nor did she possess the facilities to care, mend, cure, or treat herself.

3. That at all relevant times herein, the Decedent, LINNIE STAMPLEY, was in the exercise of ordinary care and caution for her own safety and was not comparatively or contributorily negligent.

4. That at all relevant times herein, Defendant L. MITCHELL, M.D., was a duly licensed and practicing Board Certified physician in the city of Chicago, Illinois, County of Cook, and State of Illinois, engaged in and holding himself out as being trained and skilled in the medical profession as an Emergency Medicine Specialist.

5. That at all relevant times herein, Defendant L. MITCHELL, M.D. served both as a member of the Board of Trustees of Roseland Community Hospital and as the Medical Director of Roseland Memorial Hospital Emergency Room Department.

6. That at all relevant times herein, the Defendant, L. MITCHELL, M.D. had a duty to the Decedent, LINNIE STAMPLEY, to possess and exercise that degree of skill and care that ordinarily a well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

7. That at all relevant times herein, notwithstanding that duty, the Defendant, L. MITCHELL, M.D., failed to possess the requisite skill and/or exercise the requisite care and/or treatment during the course of treating the Decedent, LINNIE STAMPLEY, that

47

an ordinarily well-qualified Board Certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

8.     That after assuming the duty to care for and/or treat the Decedent, LINNIE STAMPLEY, the Defendant, L. MITCHELL, M.D., was then guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

a.   Carelessly and negligently failed to exercise his duties as a member of the Board of Trustees.

b.   Carelessly and negligently failed to ensure that there were specific guidelines and specific policies and procedures in place for the appropriate care and treatment of patients in the emergency room at Roseland Community Hospital.

c.   Carelessly and negligently failed to exercise the usual and customary skill required by all hospitals throughout the United States when caring for the Decedent;

d.   Carelessly and negligently failed to appropriately diagnose, treat, and render the standard level of care and services to the Decedent;

e.   Carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from which the Decedent was suffering;

f.   Carelessly and negligently failed to provide a level of health care professionals capable of recognizing the condition of the Decedent;

g.   Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents were properly trained in caring for the Decedent;

h.   Carelessly and negligently failed to instruct its agents, servants, and/or employees concerning the care and treatment of the Decedent.

i.  Carelessly and negligently failed to monitor the Decedent and/or to observe her for any progression of her injury;

j.  Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, interpretations and evaluations of x-rays and CT scans.

k.  Carelessly and negligently failed to respond to the Decedent's repeated complaints of chest pain and hypotensive episodes;

l.  Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians;

m.  Carelessly and negligently failed to consider the diagnosis of Dissecting Aortic Aneurysm when confronted with a patient in a critical condition who had symptoms highly suggestive of that disease etiology.

n.  Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion.

o.  Carelessly and negligently failed to properly intervene to impact upon the progression of the Dissecting Aneurysm;

p.  Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage;

q.  Carelessly and negligently failed to get informed consent from the patient for an immediate transfer after explaining the condition of ill being from which the patient was suffering;

r.  Carelessly and negligently failed to obtain proper imaging studies on June 12, 2006;

49

s. Carelessly and negligently failed to accurately define the underlying pathology;

t. Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

u. Carelessly and negligently failed to promptly transfer the Decedent to a proper facility for prompt intervention;

v. Carelessly and negligently failed to impact the outcome of the intervention;

w. Carelessly and negligently failed to timely expedite transfer and response to the patient's condition;

x. Carelessly and negligently failed to report problems in the chain of command.

y. Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents could timely report the deteriorating condition of the Decedent to the appropriate physicians/surgeons;

z. Carelessly and negligently failed to take heed of the patient's complaints and/or test results;

aa. Carelessly and negligently failed to respond in a timely and appropriate fashion;

bb. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the transfer of patients;

cc. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the reviewing of x-rays by emergency room physicians;

dd. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

50

9.    That, as a direct or proximate result of one or more of Defendant's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

10.    That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

11.    That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

12.    That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

13.    That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

14.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, L. MITCHELL, M.D. in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

51

## COUNT XVII
### SURVIVAL/NEGLIGENCE – L. MITCHELL, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, L. MITCHELL, M.D., allege the following:

1-14. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 14 of Count XXI of this Complaint at Law as paragraphs 1 through 14 of this Count XXII.

15.     That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death, and the Plaintiff, HARDY STAMPLEY, as Special Administrator of the estate of LINNIE STAMPLEY, the Decedent, brings this action as legal representative of Decedent's estate.

16.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, L. MITCHELL, M.D., in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XXIII
## FAMILY EXPENSE ACT – L. MITCHELL, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, L. MITCHELL, M.D., allege the following:

1-14. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 14 of Count XXI of this Complaint at Law as paragraphs 1 through 14 of this Count XXIII.

15.     That on or after June 12, 2006, the Plaintiff, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, L. MITCHELL, M.D., became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

16.     That the Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

17.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 is an Affidavit of Counsel (see Exhibit A).

WHEREFORE the Plaintiffs pray for judgment against the Defendant, L. MITCHELL, M.D., for medical, drug, incidental, funeral expenses, and general damages according to proof and such relief as this Court deems proper.

<u>COUNT XXIV</u>
LOSS OF CONSORTIUM— L. MITCHELL, M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, L. MITCHELL, M.D., allege the following:

1-14. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 14 of Count XXI of this Complaint at Law as paragraphs 1 through 14 of this Count XXIV.

15.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

16.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, L. MITCHELL, M.D. in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

54

## COUNT XXV
### WRONGFUL DEATH/NEGLIGENCE – THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, including, but not limited to, Bishop Emery Lindsay, Dian Powell, Earmon Irons, Salim Al Nurridin, Shirley Pickett, Jai D. Arya, M.D., Larry Mitchell, M.D., William Johnson, M.D., Rakesh Salgia, M.D., Craig Washington, Ed. D., Almeda Dunn, Catherine Nichols, Esq., and Genivee Chapman, C.P.A., alleges the following:

1.      That on or about June 11 and June 12, 2006, the Decedent, LINNIE STAMPLEY, received medical care and treatment at ROSELAND COMMUNITY HOSPITAL in Cook County, Illinois.

2.      That at all relevant times herein the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, including, but not limited to, the above named Board members, was the governing board that directed the policies and procedures of Roseland Community Hospital.

3.      That at all relevant times herein, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL held itself out and represented that it had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to operate as a board of directors and that had and possessed the requisite

55

skill, competence, know-how, facilities, personnel, and information to properly treat the Decedent, LINNIE STAMPLEY.

4.      That on or about June 11 and June 12, 2006, and at various times prior and subsequent to that date, the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, by and through their employees, agents, apparent agents, and staff, including physicians and nurses, cared for, attended to, and treated the Decedent, LINNIE STAMPLEY.

5.      That on or about June 11, and June 12, 2006, the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, during the course of the emergency room treatment, accepted the Decedent as a patient and agreed to render, by and through its actual and/or apparent agents, employees and/or servants and others, competent and adequate services in condition with an injury from which she was then and there suffering, which required medical treatment, and said Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, through its various employees, actual or apparent agents, and/or servants and others, undertook to render care, diagnosis, treatment, and services for a pecuniary consideration, and held itself, ROSELAND COMMUNITY HOSPITAL, as a hospital capable of rendering said care and treatment.

6.      That at all relevant times herein, there was a duty on the part of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, to diagnose and render care and treatment, to the Decedent, LINNIE STAMPLEY, in accordance with the accepted standards of the medical and surgical

56

practice and opinions prevailing in the greater metropolitan Chicago area in 2006, and to exercise that degree of care and caution commonly exercised by the members of its profession in the community.

7.      That while Decedent was undergoing treatment, surgery, and/or examinations, including scans and x-rays, in-patient and/or outpatient, Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL had a duty to provide, by and through its physicians, nurses, agents, apparent agents, servant, and/or employees, hospital and medical services ordinarily provided by similarly licensed and accredited institutions and individuals.

8.      Further, that in providing these services, Defendant THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL by and through its employees, agents, apparent agents, and staff, including physicians and nurses had a duty to exercise that degree of care required of similar institutions and individuals duly licensed in the Chicago metropolitan area under similar circumstances.

9.      That at all relevant times herein, the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate care, diagnosis, treatment and services of the Decedent, by and through its agents, apparent agents, servants and/or employees, for a pecuniary consideration.

10.     That at all relevant times herein, the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate hospital services in conjunction with her illness, which required medical treatment, and said Defendant, THE BOARD OF DIRECTORS OF

57

ROSELAND COMMUNITY HOSPITAL, by and through its agents, apparent agents, servants and/or employees, undertook to render such care, diagnosis, treatment and services for a pecuniary consideration.

11.     That at all relevant times, Decedent had entrusted herself completely into the care of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, and its various employees, actual or apparent agents, and/or servants, including but not limited to physicians, residents, interns, nurses, and other medically trained personnel.

12.     That at all relevant times, there was a duty on the part of Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, and its entities, employees, and actual or apparent agents, to render to the Decedent, all hospital, medical care and/or assessments, services and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the metropolitan Chicago-land area, including but not limited to following all policies and procedures and all requirements for licensure and accreditation in Illinois.

13.     That at all relevant times herein, there was a fiduciary duty on the part of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, to establish, fund, and maintain a self-insured retention fund.

14.     That, notwithstanding those duties, Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, by and through its physicians, nurses,

58

staff, agents, apparent agents, and/or employees was then and there guilty and committed one or more of the following careless and negligent acts and/or omissions:

a. Carelessly and negligently failed to exercise their duties as the Board of Trustees at Roseland Community Hospital.

b. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the appropriate care and treatment of patients in the emergency room at Roseland Community Hospital.

c. Carelessly and negligently failed to exercise the usual and customary skill required by all hospitals throughout the United States when caring for the Decedent;

d. Carelessly and negligently failed to appropriately diagnose, treat, and render the standard level of care and services to the Decedent;

e. Carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from which the Decedent was suffering;

f. Carelessly and negligently failed to provide a level of health care professionals capable of recognizing the condition of the Decedent;

g. Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents were properly trained in caring for the Decedent;

h. Carelessly and negligently failed to instruct its agents, servants, and/or employees concerning the care and treatment of the Decedent.

i. Carelessly and negligently failed to monitor the Decedent and/or to observe her for any progression of her injury;

59

j. Carelessly and negligently failed to perform proper medical treatment, including, but not limited to, interpretations and evaluations of x-rays and CT scans.

k. Carelessly and negligently failed to respond to the Decedent's repeated complaints of chest pain and hypotensive episodes;

l. Carelessly and negligently failed to timely report the deteriorating condition of the Decedent to the appropriate physicians;

m. Carelessly and negligently failed to consider the diagnosis of Dissecting Aortic Aneurysm when confronted with a patient in a critical condition who had symptoms highly suggestive of that disease etiology.

n. Carelessly and negligently failed to undertake the appropriate Diagnostic tests to detect a Dissecting Aortic Aneurysm in a timely fashion.

o. Carelessly and negligently failed to properly intervene to impact upon the progression of the Dissecting Aneurysm;

p. Carelessly and negligently failed to transfer the patient to a proper facility in a timely fashion, and thus carelessly and negligently contributed to the progression of the dissection and irreversible damage;

q. Carelessly and negligently failed to get informed consent from the patient for an immediate transfer after explaining the condition of ill being from which the patient was suffering;

r. Carelessly and negligently failed to obtain proper imaging studies on June 12, 2006;

s. Carelessly and negligently failed to accurately define the underlying pathology;

60

t.  Carelessly and negligently failed to act upon the Decedent's medical test results and reports, and administer appropriate care to the Decedent;

u.  Carelessly and negligently failed to promptly transfer the Decedent to a proper facility for prompt intervention;

v.  Carelessly and negligently failed to impact the outcome of the intervention;

w.  Carelessly and negligently failed to timely expedite transfer and response to the patient's condition;

x.  Carelessly and negligently failed to report problems in the chain of command.

y.  Carelessly and negligently failed to ensure that its employees, agents, and/or apparent agents could timely report the deteriorating condition of the Decedent to the appropriate physicians/surgeons;

z.  Carelessly and negligently failed to take heed of the patient's complaints and/or test results;

aa. Carelessly and negligently failed to respond in a timely and appropriate fashion;

bb. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the transfer of patients;

cc. Carelessly and negligently failed to implement specific guidelines, policies, and procedures for the reviewing of x-rays by emergency room physicians;

dd. Carelessly and negligently, upon information and belief, failed to establish, fund, and maintain a self-insured retention fund;

ee. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

15.     That as a direct and proximate result of one or more of Defendant THE BOARD

OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL'S careless and negligent

acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay

in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted

in the death of the Decedent, LINNIE STAMPLEY.

16.     That this suit was brought within two years of the date of initial diagnosis and/or

work-up treatment and continuous care and treatment up to and including the death of the

Decedent, LINNIE STAMPLEY.

17.     That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law

and next of kin have, and will continue to be deprived of the comfort, society, love,

affection, and support which LINNIE STAMPLEY would have contributed and

performed prior to her untimely death.

18.     That on June 12, 2006, and for sometime hereto, there was in full force and effect

in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740

ILCS 180/1-2.

19.     That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County,

Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of

Linnie Stampley, deceased, for purposes of bringing this action.

20.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-

622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from

Health Care Professionals (see Exhibits B- M).

        WHEREFORE, Plaintiffs pray for judgment against the Defendant, THE BOARD

OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL in an amount in excess

of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XXVI
### SURVIVAL/NEGLIGENCE – THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, allege the following:

1-20. The Plaintiffs re-allege and incorporate by reference each and every allegation of paragraphs 1 through 20 of Count XXV of this Complaint at Law as paragraphs 1 through 20 of this Count XXVI.

21.    That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death and the Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, brings this action in his capacity as legal representative of the Decedent's estate.

22.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL in an amount in excess

of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT XXVII**
**FAMILY EXPENSE ACT THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, THE BOARD OF TRUSTEES OF ROSELAND COMMUNITY HOSPITAL, allege the following:

1-20. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 20 of Count XXV of this Complaint at Law as paragraphs 1 through 20 of this Count XXVII.

21.     That on or after June 11 and June 12, 2006, Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

22.     That Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

23.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT XXVIII**
**LOSS OF CONSORTIUM— THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL, allege the following:

1-20. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 20 of Count XXV of this Complaint at Law as paragraphs 1 through 20 of this Count XXVIII.

21.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

22.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, THE BOARD OF DIRECTORS OF ROSELAND COMMUNITY HOSPITAL in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

**COUNT XXIX**
**WRONGFUL DEATH/NEGLIGENCE – UNIVERSITY OF CHICAGO HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, allege the following:

1.     That on or about June 12, 2006, the Decedent, LINNIE STAMPLEY, received medical care and treatment at UNIVERSITY OF CHICAGO HOSPITAL in Cook County, Illinois.

2.     That at all relevant times herein the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, was a hospital duly licensed to treat patients under the laws of the State of Illinois and was engaged in the practice of treating patients in Chicago, Illinois, County of Cook, as well as other counties, and the State of Illinois.

3.     That on or about June 12, 2006, the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, was a corporation duly engaged as a hospital conducting hospital, medical,

nursing and associated healthcare services, and engaged in its staff various physicians, residents, nurses and other healthcare personnel.

4.      That at all relevant times herein, UNIVERSITY OF CHICAGO HOSPITAL held itself out and represented that it had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to properly treat the Decedent, LINNIE STAMPLEY.

5.      That at all relevant times herein, Defendant, UNIVERSITY OF CHICAGO HOSPITAL, held itself out and represented that an agency relationship existed between itself and the physicians, nurses, and medical staff that rendered medical services to the Decedent.

6.      That on or about June 12, 2006, and at various times prior and subsequent to that date, the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, cared for, attended to, and treated the Decedent, LINNIE STAMPLEY.

7.      That on or about June 12, 2006, the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, during the course of the emergency room treatment, accepted the Decedent as a patient and agreed to render, by and through its actual and/or apparent agents, employees and/or servants and others, competent and adequate hospital services in condition with an injury from which she was then and there suffering, which required medical treatment, and said Defendant through its various employees, actual or apparent agents, and/or servants and others, undertook to render care, diagnosis, treatment, and services for a pecuniary consideration.

8.     That at all relevant times herein, there was a duty on the part of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, by and through its employees, agents, apparent agents, and staff, including physicians and nurses, to diagnose and render care and treatment, to the Decedent, LINNIE STAMPLEY, in accordance with the accepted standards of the medical and surgical practice and opinions prevailing in the greater metropolitan Chicago area in 2006, and to exercise that degree of care and caution commonly exercised by the members of its profession in the community.

9.     That while Decedent was undergoing treatment, surgery, and/or examinations, including scans and x-rays, in-patient and/or outpatient, Defendant UNIVERSITY OF CHICAGO HOSPITAL had a duty to provide, by and through its physicians, nurses, agents, apparent agents, servant, and/or employees, hospital and medical services ordinarily provided by similarly licensed and accredited institutions and individuals.

10.    Further, that in providing these services, Defendant UNIVERSITY OF CHICAGO HOSPITAL by and through its employees, agents, apparent agents, and staff, including physicians and nurses had a duty to exercise that degree of care required of similar institutions and individuals duly license in the Chicago metropolitan area under similar circumstances.

11.    That at all relevant times herein, the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate care, diagnosis, treatment and services of the Decedent, by and through its agents, apparent agents, servants and/or employees, for a pecuniary consideration.

12.    That at all relevant times herein, the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, accepted Decedent as a patient and agreed to render competent and adequate

68

hospital services in conjunction with her illness, which required medical treatment, and said Defendant, UNIVERSITY OF CHICAGO HOSPITAL, by and through its agents, apparent agents, servants and/or employees, undertook to render such care, diagnosis, treatment and services for a pecuniary consideration.

13.     That at all relevant times, Decedent had entrusted herself completely into the care of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, and its various employees, actual or apparent agents, and/or servants, including but not limited to physicians, residents, interns, nurses, and other medically trained personnel.

14.     That at all relevant times, Decedent had relied on the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, and its various employees, actual or apparent agents, and/or servants, including, but not limited to, physicians, residents, interns, nurses and other medically trained personnel, to render the necessary medical care and treatment, and to meet the proper standard of care for said medical care and treatment.

15.     That at all relevant times, there was a duty on the part of Defendant, UNIVERSITY OF CHICAGO HOSPITAL, and its entities, employees, and actual or apparent agents, to render to the Decedent, all hospital, medical care and/or assessments, services and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the metropolitan Chicago-land area, including, but not limited to, following all policies and procedures and all requirements for licensure and accreditation in Illinois.

16.     That at all relevant times herein, there was a duty on the part of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, to organize its emergency services under the

69

direction of a qualified member of the medical staff, to integrate the emergency services with other departments of the hospital, and to ensure that the policies and procedures governing medical care in the emergency department were the responsibility of the medical staff. 42 CFR 482.55 (a)(1-3).

17.     That at all relevant times herein, there was a duty on the part of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, to ensure that the emergency services were supervised by a qualified member of the medical staff. 42 CFR 482.55(b)(1).

18.     That at all relevant times herein, there was a duty on the part of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, to ensure that there was adequate medical and nursing personnel qualified in emergency care to meet the written emergency procedures and needs anticipated by the facility.  42 CFR 482.55(b)(2).

19.     That, notwithstanding those duties, Defendant, UNIVERSITY OF CHICAGO HOSPITAL, by and through its physicians, nurses, staff, agents, apparent agents, and/or employees was then and there guilty and committed one or more of the following careless and negligent acts and/or omissions:

    a.  Carelessly and negligently failed to exercise the usual and customary skill required by all hospitals throughout the United States when caring for the Decedent;

    b.  Carelessly and negligently failed to appropriately diagnose, treat, and render the standard level of care and services to the Decedent;

    c.  Carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from which the Decedent was suffering;

70

d. Carelessly and negligently failed to provide a level of health care professionals capable of recognizing the condition of the Decedent;

e. Carelessly and negligently failed to ensure that is employees, agents, and/or apparent agents were properly trained in caring for the Decedent;

f. Carelessly and negligently failed to instruct its agents, servants, and/or employees concerning the care and treatment of the Decedent;

g. Carelessly and negligently failed to promptly recognize the severity of the patient's underlying critical condition;

h. Carelessly and negligently failed to undertake the appropriate steps to secure a safe and timely transfer when requested on or about June 12, 2006;

i. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

20. That as a direct and proximate result of one or more of Defendant 20. UNIVERSITY OF CHICAGO HOSPITAL's careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

21. That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

22. That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love,

71

affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

23.    That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

24.    That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

25.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, UNIVERSITY OF CHICAGO HOSPITAL in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

## COUNT XXX
### SURVIVAL/NEGLIGENCE – UNIVERSITY OF CHICAGO HOSPITAL

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, allege the following:

1-25. The Plaintiffs re-allege and incorporate by reference each and every allegation of paragraphs 1 through 25 of Count XXIX of this Complaint at Law as paragraphs 1 through 25 of this Count XXX.

26.     That prior to this death, Decedent, LINNIE STAMPLEY, endured great pain and suffering and pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act, the cause of action resulting from said pain and suffering survives her death and the Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, brings this action in his capacity as legal representative of the Decedent's estate.

27.     That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professions (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

**COUNT XXXI**
**FAMILY EXPENSE ACT – UNIVERSITY OF CHICAGO HOSPITAL**

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, allege the following:

1-25. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 25 of Count XXIX of this Complaint at Law as paragraphs 1 through 20 of this Count XXXI.

26.    That on or after June 11 and June 12, 2006, Plaintiff, HARDY STAMPLEY, as Special Administrator for the Estate of LINNIE STAMPLEY, as a direct and proximate result of one or more of the foregoing negligent and wrongful acts and/or omissions of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, became obligated for various sums of money for the medical and/or funeral expenses of the Decedent, LINNIE STAMPLEY, pursuant to 750 ILCS 65/15, commonly known as the Family Expense Act.

27.    That Plaintiffs' damages are in excess of the minimum jurisdictional amount of this Court.

28.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.

### COUNT XXXII
### LOSS OF CONSORTIUM— UNIVERSITY OF CHICAGO HOSPITAL

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN &

74

ASSOCIATES, and complaining of the Defendant, UNIVERSITY OF CHICAGO HOSPITAL, allege the following:

1-25. The Plaintiffs hereby re-allege and incorporate by reference each and every allegation of paragraphs 1 through 25 of Count XXIX of this Complaint at Law as paragraphs 1 through 25 of this Count XXXII.

26.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff, HARDY STAMPLEY, suffered loss of consortium and companionship with his wife, LINNIE STAMPLEY.

27.    That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel and an Affidavit from a Health Care Professional (See Exhibits A- M).

WHEREFORE, the Plaintiff, HARDY STAMPLEY, demands judgment against the Defendant, UNIVERSITY OF CHICAGO HOSPITAL in an amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of bringing this action.

## COUNT XXXIII
### WRONGFUL DEATH/NEGLIGENCE – EARL FREDRICK, JR., M.D.

NOW COME the Plaintiffs, Hardy Stampley, as Special Administrator for the Estate of LINNIE STAMPLEY, Terrance Stampley, Individually as son of the Decedent, LINNIE STAMPLEY, and Ahanni Mondy, Individually as daughter of the Decedent, LINNIE STAMPLEY, by and through their attorney, ALAN C. HOFFMAN & ASSOCIATES, and complaining of the Defendant, EARL FREDRICK, JR., M.D., allege the following:

75

1.    That at all relevant times herein, the Decedent, LINNIE STAMPLEY, possessed no medical or professional medical knowledge, nor did she possess the facilities to care, mend, cure, or treat herself.

2.    That at all times relevant herein, the Decedent, LINNIE STAMPLEY, was in the exercise of ordinary care and caution for her own safety and was not comparatively or contributorily negligent.

3.    That at all times herein, Defendant EARL FREDRICK, JR., M.D., was a duly licensed and practicing physician in the city of Chicago, Illinois, County of Cook, and State of Illinois, engaged in and holding himself out as being trained and skilled in the medical profession, specialty, and subspecialty, if any.

4.    That at all relevant times herein, Defendant EARL FREDRICK, JR., M.D. was a duly licensed and practicing physician that was held to the standard of care of a Board Certified physician, and, upon information and belief, was not Board Certified.

5.    That at all relevant times herein, including, but not limited to, December 22, 1998, May 1, 1999, May 15, 1999, July 30, 1999, February 3, 2000, November 30, 2000, April 12, 2001, January 5, 2002, April 13, 2002, May 5, 2003, October 18, 2004, and December 2, 2005, the Defendant, EARL FREDRICK JR., M.D.., in his professional capacity and for a pecuniary consideration, cared for, attended, and treated the Decedent, LINNIE STAMPLEY.

6.    That said dates, upon which the Defendant, EARL FREDRICK JR., M.D., cared for, attended, and treated the Decedent, LINNIE STAMPLEY, represent a continuous, ongoing, and unbroken course of negligent treatment.

7.    That the continuous, ongoing, and unbroken treatment was so related and continuous, the negligent treatment constitutes one continuous wrong.

8.    That at all relevant times herein, the Defendant, EARL FREDRICK, JR., M.D., had a duty to the Decedent, LINNIE STAMPLEY, to possess and exercise that degree of skill and care that an ordinarily a well-qualified Board certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

9.    That at all relevant times herein, notwithstanding that duty, the Defendant, EARL FREDRICK, JR., M.D., failed to possess the requisite skill and/or exercise the requisite care and/or treatment during the course of treating the Decedent, LINNIE STAMPLEY, that an ordinarily well-qualified Board certified physician would possess and exercise under similar circumstances, under which the aforementioned treatment was rendered.

10.    That after assuming the duty to care for and/or treat the Decedent, LINNIE STAMPLEY, the Defendant, EARL FREDRICK, JR., M.D, was then guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

   a.  Carelessly and negligently rendered ongoing and continuous medical care and treatment to the Decedent;

   b.  Carelessly, negligently, and continuously failed to properly control blood pressure to goal;

   c.  Carelessly, negligently, and continuously contributed to the development of the Aortic Aneurysm and sustained the impact of hypertension to promote and sustain dissection;

    d. Carelessly, negligently, and continuously failed to pursue Diagnostic Tests in a Hypertensive patient, following an episode of chest discomfort on or about November 12, 2001, including a positive EKG Stress Testing, an Ascending Aortic Aneurysm, and Aortic Insufficiency;

    e. Carelessly and negligently failed to monitor the progression of the Aortic Aneurysm and Aortic Insufficiency and to properly act upon the results in a timely fashion.

    f. Carelessly, negligently, and continuously failed to respond to prior test results, which indicated a possible aortic aneurysm when an emergency room doctor consulted the Defendant on June 11, 2006;

    g. Carelessly and negligently failed to inform the emergency department physicians of the prior x-ray test results when said emergency department physicians consulted him of the Decedent's medical condition on June 11, 2006;

    h. Was otherwise careless and negligent in the treatment and diagnosis of the Decedent, LINNIE STAMPLEY.

13. That as a direct and proximate result of one or more of Defendant's, EARL FREDRICK JR's, M.D., careless and negligent acts and/or omissions, Decedent sustained injuries, including, but not limited to, the delay in diagnosis and treatment of her Dissecting Aortic Aneurysm, which ultimately resulted in the death of the Decedent, LINNIE STAMPLEY.

14. That this suit was brought within two years of the date of initial diagnosis and/or work-up treatment and continuous care and treatment up to and including the death of the Decedent, LINNIE STAMPLEY.

78

15. That this suit was brought within four years of the date of the Decedent's last office visit with the Defendant, EARL FREDRICK, JR., M.D., and therefore satisfies the applicable statute of repose under the ongoing negligent treatment doctrine. 735 ILCS 5/13-212 (a) (West 2000).

16. That this suit was brought within the five years of the date on which the Plaintiff, HARDY STAMPLEY, discovered that such cause of action exists, and thus satisfies the period for fraudulent concealment. 735 ILCS 5/13-215 (West 2000).

17. That by reason of the death of Decedent, LINNIE STAMPLEY, the heirs at law and next of kin have, and will continue to be deprived of the comfort, society, love, affection, and support which LINNIE STAMPLEY would have contributed and performed prior to her untimely death.

18. That on June 12, 2006, and for sometime hereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2.

19. That on June 6, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, Hardy Stampley was duly appointed as Special Administrator of the Estate of Linnie Stampley, deceased, for purposes of bringing this action.

20. That attached hereto and made a part thereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel (see Exhibit A) and Affidavits and Reports from Health Care Professionals (see Exhibits B- M).

WHEREFORE, Plaintiffs pray for judgment against the Defendant, EARL FREDRICK, JR., M.D., in an amount in excess of the jurisdictional limitation of this Court and for such relief as this Court deems proper.